**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

NEW COUNTRY MOTOR CARS OF
GREENWICH, INC.,

        Plaintiff,

    v.

JAMIE CHAMBERS

        Defendant.

------------------------------------------------------------

Case No.

# 13 CV 1217

FEBRUARY 15, 2013

## VERIFIED COMPLAINT

    Plaintiff, New Country Motor Cars of Greenwich, Inc. ("New Country"), by its undersigned counsel, for its complaint alleges as follows:

### PARTIES

    1.    Plaintiff New Country Motor Cars of Greenwich, Inc. ("New Country") is a Connecticut corporation whose principal place of business is located in Greenwich, Connecticut. New Country owns and operates retail automobile dealerships located at 181 West Putnam Avenue (New Country Audi), 200 West Putnam Avenue (New Country Volkswagen) and 241 West Putnam Avenue (New Country Porsche) in Greenwich (collectively, the "New Country Dealerships").

    2.    On information and belief, Defendant Jamie Chambers ("Chambers") resides at 3103 Miles Avenue, Bronx, New York.  Chambers was employed as a Service Technician at New Country Porsche from April 4, 2005 to December 20, 2012 and had been promoted to Shop Forman prior to his departure from New County Porsche.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) in that the Plaintiff is a citizen of Connecticut, the Defendant is a citizen of New York and, as demonstrated below, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.      Venue is proper under 28 U.S.C. § 1391(a)(1) because the Defendant resides in this District.

5.      This Court has personal jurisdiction over the Defendant because he is domiciled in New York, employed in New York and is subject to service of process in New York.

## FACTS

### Background

6.      In addition to selling automobiles, the New Country Dealerships provide service, parts and maintenance of automobiles.  Service, parts and maintenance are an important and profitable component of New Country's business.  Approximately, 78% of New Country's gross profit is generated by its service and parts departments.

7.      High end automobiles, such as Porsches, are mechanically complex and must be serviced by highly trained and certified Porsche Service Technicians.  In order to comply with the manufacturer's requirements and maintain the outstanding reputation of its service department, New Country invests, *each year, over one hundred thousand* dollars in training its Porsche Service Technicians to the manufacturer's highest standards.

8.      In addition to generating service and parts revenues, maintaining an adequate staff of trained Service Technicians generates sales revenues for Porsche dealerships such as New County Porsche.  Specifically, the manufacturer pays the dealerships a so-called "training dividend" on every new Porsche sold by the dealership provided the dealership adheres to standards set by the manufacturer for training, certification and staffing of Service Technicians.  Accordingly, a Porsche

2

dealership is put at a significant competitive disadvantage when a Service Technician in whom it has made a training and certification investment leaves for employment by a competing dealership and transfers his training and certifications file to that competing dealership.

9.      In view of the foregoing, New Country regards its Service Technicians, and particularly its Porsche Service Technicians, as valuable assets of its business.  New Country seeks to protect those assets by requiring Service Technicians, as a condition for their hiring and training by New Country, to execute agreements restricting them, for a limited period of time and within a limited geography, from accepting employment as Service Technicians at competing high-end automobile dealerships.

**Chambers' Employment by New Country and Execution of a Non-Competition Agreement**

10.      On or about April 1, 2005, New Country hired Chambers as a New Country Porsche Service Technician.

11.      Because New Country would be making a substantial investment in Chambers' training and certifications, and for the reasons set forth above, New Country required Chambers, as a condition for his employment, to execute a Non-Competition Agreement for Service and Parts Employees ("Agreement").  A copy of the Agreement is attached as Exhibit A to the Complaint.

12.      Pursuant to the terms of the Agreement, Chambers agreed that for a period of two (2) years from the date he left the employment of New Country for any reason, he would not be employed "in the service or parts department of any authorized… Porsche, Audi or Volkswagen dealership… located within thirty (30) miles, as the crow flies of New Country Motor Cars of Greenwich, Inc.'s facility located at 180, 181, 200 and 241 West Putnam Avenue, Greenwich, Connecticut."  The Agreement only prohibited Chambers from working as a Service Technician for those Porsche, Audi and Volkswagen dealerships located within a 30 mile radius of New Country

3

Porsche (the "Prohibited Dealerships"). The Agreement left Chambers free to work for many other automobile dealerships located in the tri-state area, including those Porsche, Audi and Volkswagen dealerships located more than 30 miles from New Country Porsche.

13.     Chambers further agreed that, in the event he breached the Agreement and New Country brought legal action to enforce the Agreement, Chambers would be liable for the costs of such action, including reasonable attorneys' fees.

14.     New Country would not have hired Chambers as Service Technician had he not entered into the Agreement.

15.     Following execution of the Agreement, New Country invested tens of thousands of dollars in training and having Chambers certified as a Porsche Service Technician.

16.     In 2012 New Country promoted Chambers to Shop Foreman and invested over $50,000 that year in Chambers' training. Having promoted Chambers to a supervisory position and having invested substantial additional amounts in the training necessary for Chambers to be an effective Shop Foreman, New Country was particularly dependent on the protections afforded by the Agreement.

17.     On or about December 20, 2012, Chambers left the employment of New Country.

18.     Upon Chambers' departure, New Country reminded Chambers of his contractual obligations contained in the Agreement.

19.     Notwithstanding the terms of the Agreement, Chambers has now commenced employment with Pepe Motors Corporations ("Pepe") in the service department of Pepe's Porsche dealership located at 2500 Boston Post Road, Larchmont, New York ("Pepe Porsche").

20.     On information and belief, Chambers' annual salary at Pepe Porsche exceeds $75,000.

21.    New Country and Pepe Porsche are direct competitors.  The driving distance between New Country Porsche and Pepe Porsche is only 13.23 miles; the distance is even closer as "the crow flies".

22.    On or about January 10, 2013, New Country, through its counsel, notified Chambers of his breach of the Agreement and insisted that Chambers comply with the Agreement ("January 10th Demand Letter").  The January 10th Demand Letter is attached to the Complaint as Exhibit B.

23.    Chambers has ignored the January 10th Demand Letter and has continued his employment with Pepe Porsche in violation of the Agreement.

24.    Chambers has violated, and continues to violate, the Agreement by, among other things, working in the service department of Pepe Porsche.

## COUNT I (INJUNCTIVE RELIEF)

25.    Plaintiff realleges and incorporates herein by reference all prior allegations.

26.    By competing with New Country in violation of the Agreement, and with the benefit of New Country's investment in his training as a Porsche Service Technician, Chambers is causing irreparable harm to New Country.  Absent an injunction, New Country's investment in Chambers will inure to the benefit of its direct competitor, to the detriment of New Country.   Furthermore, absent an injunction, the Service Technicians hired and trained by New Country, will undoubtedly regard their similar non-competition agreements with New Country as non-binding, putting at risk the forfeiture of hundreds of thousands of dollars that New Country has invested in training its Service Technicians.

27.    None of the harm New Country has suffered and will continue to suffer if Chambers continues to breach his Agreement can be adequately remedied by money damages.

28.    New Country has no adequate remedy at law.

5

29.     By reason of the foregoing, New Country is entitled to a preliminary and permanent injunction restraining Chambers from engaging in any further wrongful conduct and unfair competition, specifically from continuing in the employ of Pepe Porsche's service department and/or accepting employment in the service or parts department of any Prohibited Dealership for a period through and including December 20, 2014.

### COUNT II (RECOVERY OF COSTS AND REASONABLE ATTORNEYS' FEES)

30.     Plaintiff realleges and incorporates herein by reference all prior allegations.

31.     Pursuant to the Agreement, Chambers is liable to New Country for all costs associated with this action, including New Country's reasonable attorneys' fees.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1.      Enter preliminary and permanent injunction orders prohibiting the Defendant from (i) continuing in the employ of Pepe Motors Corporation ("Pepe") as a member of the service or parts department of Pepe's Porsche dealership located in Larchmont, New York, or (ii) accepting employment as a member of the service or parts department of any other Porsche, Audi or Volkswagen dealership located within a 30 mile radius (as the crow flies), of New Country's Dealerships at 181, 200 and 241 West Greenwich Avenue, Greenwich, Connecticut for a period through and including December 20, 2014;

2.      Enter judgment in favor of the Plaintiff and against the Defendant for all costs associated with this action, including reasonable attorneys' fees; and

3.      Grant such other and further relief as this Court deems just and equitable.

**NEW COUNTRY MOTOR CARS OF GREENWICH, INC.**

By:  _[signature]_

Marc J. Kurzman (MK 2962)
Brian A. Daley (BD 2455)
Sandak Hennessey & Greco, LLP
707 Summer Street, 3rd Floor
Stamford, CT 06901
(203) 425-4200

## **VERIFICATION**

I, Todd Bullock, General Manager of New Country Porsche of Greenwich, having been duly sworn do here by verify that the factual allegations of this Verified Complaint, dated February 15, 2013 are true and correct to the best of my knowledge and belief.

Todd Bullock

Subscribed to and sworn before me,
this ___ day of February, 2013.

Notary Public
My Commission Expires:

Erin E. McGee
NOTARY PUBLIC
State of Connecticut
My Commission Expires Sept. 30, 2017



# Non Competition Agreement
## *Service and Parts*

I have been offered employment with New Country Motor Cars of Greenwich, Inc. In consideration of the wages and benefits which I expect to receive from New Country Motor Cars of Greenwich, Inc. and in recognition of the investment which New Country Motor Cars of Greenwich, Inc. will make in my training, I agree that during my employment with New Country Motor Cars of Greenwich, Inc., and for a period of two (2) years from the time I leave the employment, for any reason, of New Country Motor Cars of Greenwich, Inc., I will not be employed in the service or parts department of any authorized Audi, Porsche or Volkswagen dealership if the dealership is located within thirty (30) miles, as the crow flies of New Country Motor Cars of Greenwich, Inc.'s facility located at 180, 181, 200, 241 West Putnam Avenue, Greenwich, Connecticut.

I also agree that during this two (2) year period, I will not be employed in the service, repair or parts department of any dealership, franchised or independent, selling or servicing new or used motor vehicles manufactured by any auto maker at any location within ten (10) miles, as the crow flies, of New Country Motor Cars of Greenwich, Inc., 180, 181, 200, 241 West Putnam Avenue, Greenwich, Connecticut.

I also recognize client, customer and product information obtained during my employment belongs to New Country Motor Cars of Greenwich, Inc., and I will not take possession of or utilize such information for my benefit or the benefit of any other employer. I will not duplicate any client, customer or product information except as necessary to perform my duties. Upon my leaving the employ of New Country Motor Cars of Greenwich, Inc. I will return all copies or information immediately.

I recognize that other New Country Motor Cars of Greenwich, Inc., employees have signed non-competition agreements. In recognition of the existence of these non competition agreements, after I leave the employ of New Country Motor Cars of Greenwich, Inc., I will not attempt to induce any employees of New Country Motor Cars of Greenwich, Inc. to breach their non-competition agreements.

In the event of a breach of this non competition agreement, I recognize and understand that New Country shall have the right to enforce the terms of this agreement by appropriate legal action. In the event of any action based upon my breach of this non-competition agreement, I shall be responsible for the cost of such legal action including reasonable attorney's fees.

Employee Name (Printed): *Jamie Chambers*

Employee Signature: *JMChambers*          Dated: *April 1st 05*

*Discover the Difference*                                                    8/2004

New Country Motor Car Group, Inc.
The Granite Palace • 358 Broadway, Suite 403 • Saratoga Springs, NY 12866 • (518) 584-7700 • Fax: (518) 584-8611 • Internet: www.newcountry.com

White Copy—Human Resources     Yellow Copy—Employee